IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FELIMON CERDA, | ) | No. 17-9023 |
| | ) | |
| Plaintiff, | ) | Judge Jorge L. Alonso |
| | ) | |
| vs. | ) | |
| | ) | |
| CHICAGO CUBS BASEBALL CLUB, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S CORRECTED MOTION FOR RECONSIDERATION
OF PLAINTIFF'S VERTICAL DISPERSION CLAIMS,
OR, IN THE ALTERNATIVE, PLAINTIFF'S REQUEST FOR
FINAL JUDGMENT ON PLAINTIFF'S VERTICAL DISPERSION CLAIMS

Plaintiff, David Felimon Cerda, by his attorney, and for his Corrected Motion brought pursuant to Fed. R. Civ. P. 59(e) and 54(b) states as follows:

INTRODUCTION

On August 30, 2019, this Court entered a Memorandum Opinion and Order which effectively rules that the Chicago Cubs' renovation of Wrigley Field, commenced in 2014, is in compliance with the vertical dispersion requirements of the 2010 Standards of the American with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and, therefore, plaintiff has no standing to bring his vertical dispersion claims. Dkt. No. 62. However, since Defendant's Motion to Dismiss was fully briefed in June 2018, the Chicago Cubs completed promised additional renovations to the Lower Box seats for the 2019 season. These new ADA Lower Box seats provides new and additional evidence that the Chicago Cubs are clearly not in compliance with the ADA's vertical dispersion requirements for the main part of the ballpark.

A Motion for Reconsideration may be brought for a manifest error of law or newly discovered evidence. *See, Lightspeed Media Corp. v. Smith,* 830 F.2d 500 (7th Cir. 2016).

Plaintiff's vertical dispersion claims allege violations of the 2010 ADA Standards in two distinct parts of the ballpark (1) the Lower Box seats (which are in the main part of the ballpark) and (2) the Bleachers.

The ADA's overall requirement is that "Wheelchair spaces shall provide wheelchair spectators with choices of seating locations and view angles that are substantially equivalent to, or better than, the choices of seating locations and viewing angles available to other spectators." 2010 ADA Standards for Accessible Design, § 221.2.3.

The ADA then sets forth different requirements for the main part of the ballpark versus the bleachers.

For the main part of the ballpark, the Chicago Cubs must provide that wheelchair spaces be *dispersed vertically at varying distances* from the playing field. *Dispersed vertically* for the main part of the ballpark means that the wheelchair spaces are placed at different locations within the seating area from ***front*** *to back* so that the distance from the playing field is *varied* among wheelchair spaces.

ADA seating for the Bleachers is different that for the main part of the ballpark. The Bleachers have an exception to the ***front to back*** vertical dispersion requirement so that wheelchair spaces are not required to be provided other than at points of entry to bleacher seating.

Plaintiff's representation of what is required under the ADA for the main part of the ballpark and the Bleachers is based on the plain language of the ADA Standards for Accessible Design and the Advisory Comments thereto.

The 2010 ADA Standards for Accessible Design state in relevant part:

> **§ 221.2.3.2 Vertical Dispersion.** Wheelchair spaces shall be dispersed vertically at varying distances from the screen, performance area, or playing field. []
> EXCEPTIONS:
> []
> 2. In bleachers, wheelchair spaces shall not be required to be provided other than rows at points of entry to bleacher seating.

The Advisory Comments state:

> **Advisory 221.2.3.2 Vertical Dispersion.** When wheelchair spaces are dispersed vertically in an assembly facility they are placed at different locations within the seating area from ***front***-to-back so that the distance from the screen, stage, playing field, area of sports activity, or other focal point is *varied* among wheelchair spaces.
>
> **Advisory 221.2.3.2 Vertical Dispersion Exception 2.** Vertical, center, or side aisles adjoining bleacher seating that are stepped or tiered are not considered entry points.

> (Italics and bolding supplied.)

As mentioned above, since this matter was fully briefed in June 2018 the Chicago Cubs have added ADA seats to the Lower Box. The Chicago Cubs also created a new seating chart for the 2019 season which is attached as Ex. A.

A.  The Chicago Cubs Are In Violation of the ADA's Vertical Dispersion Requirements in the Main Part of the Ballpark Because There Are No ADA Seats Forward of the Main Concourse.

Before the destruction and reconstruction of the seating area in front of the

main concourse after the 2016 Season, there was ADA seating at the back of what are now Sections 15-21. Plaintiff's Third Amended Complaint complains that these ADA seats were moved back to the main concourse behind what are now Sections 113-123. For the 2019 Season, the Chicago Cubs added ADA seating on the main concourse behind what are now Sections 101-105 and 130-134. Affidavit of David Felimon Cerda, Ex. B. The new ADA seats behind Sections 101-105 and 130-134 complete the renovation of the ADA seating forward of the concourse and make plain the fact that there are no ADA seats in front of the main concourse. As set forth above, the ADA requires vertical dispersion of seating *and defines vertical dispersion* as FRONT to back. Here, not only are there no FRONT row nor FRONT sections seats, all of the ADA seats are on the main concourse. Furthermore, not only are there no front to back ADA seats here, the seats are not even middle to back. Rather the ADA seats in the main part of the ballpark are mostly rearward of the midpoint to the playing field.

Significantly, the main concourse is recognized under the ADA as the main point of entry. While the ADA exempts the Bleachers from having seats forward of the main point of entry, there is no such exemption for the main part of the ballpark. Because the Chicago Cubs do not provide any ADA seats in front of the main concourse, such as they had prior to the complete renovations, they are in violation of the ADA vertical seating requirements for the main part of the ballpark and plaintiff has standing to bring his vertical dispersion claims.

To the extent the Chicago Cubs will argue that the new seats provide no new

- 4 -

evidence to support a Motion for Reconsideration, plaintiff respectfully submits that the Court's Memorandum and Opinion and Order is clearly erroneous. At Pages 17-18, the Court's Opinion states: "As noted by the Cubs, the 2010 Standards do not say where Accessible Seats must be located and do not require the Cubs to place ADA seats in the front row." Dkt. No. 62 at 17-18. However, the Advisory Comments do define vertical dispersion as "front to back." Front means front; so yes some front row seating is required under the ADA. Furthermore, the Advisory Comments also explain that while ADA seating is not required forward of the main point of entry in the Bleachers, there is no such exemption for the main part of the ballpark. That exemption further defines that ADA seating forward of the main concourse in the main part of the ballpark is required.

Respectfully, the Court also clearly erred when dismissing plaintiff's specific claim for front row seating in the area now known after the renovations as the 1914 Club. The Court ruled that plaintiff did not have standing to demand ADA seating in the 1914 Club because he was not a member of the 1914 Club nor was he on the wait list to become a member of the 1914 Club. Dkt. No. 62 at 15. Plaintiff did not seek to become a member of the 1914 Club, nor argue that he should be admitted as a member of the 1914 Club, because that would have been expensive and futile since there is no access to and there are no ADA seats in the 1914 Club seating section.[1] Instead, in Plaintiff's Response to Defendant's Motion to Dismiss, plaintiff

---

[1] A large non-refundable deposit was required to apply for membership in the 1914 Club and plaintiff need not exercise futile gestures to have standing. *See, e.g.,*

argued:

> [G]iven the lack of any front seats in the house anywhere, *the Cubs should have reserved at least 4 seats in the front row in the 1914 Club seating area for wheelchair patrons without making them part of the 1914 Club.* As it stands, even if plaintiff or any other wheelchair patron is offered a seat as a guest of a member of the 1914 Club, they cannot watch the game from the 1914 Club seating area because there are no wheelchair seats available.

Dkt. No. 54 at 17 (emphasis added).

The ADA does not permit the Cubs to erect an impossible barrier to standing by creating a luxury club where membership, even if obtained, is fruitless because there are no ADA seats in that luxury club. Additionally, the Court's opinion does not address the fact that plaintiff is foreclosed from sitting in the 1914 Club area as a guest.

Additionally, plaintiff respectfully requests that the Court clearly erred with regard to the vertical dispersion requirement in the Bleachers. As stated above, the ADA does not require ADA seating forward of the main point of entry in the bleachers (which is the main concourse in the bleachers), the ADA also does not completely exempt the vertical dispersion requirement in the Bleachers either. Turning to the Court's Opinion at Page 8, and accepting the old seating chart for the discussion of Bleacher seating here, the Chicago Cubs have just one ADA seat

---

*Betancourt v. Federated Dept. Stores*, 732 F. Supp 2d 693, 708 (N.D. Tex. 2010)("a plaintiff need not engage in the futile gesture of visiting an accommodation she knows to be discriminating against her in order to establish standing."); *see also, Kramer v. Brodie Oaks Center, Ltd.*, 2014 WL 690629 W.D. Tex. 2014 at * 4.

on the main concourse. The rest of the ADA Bleacher seats are at the top of sections accessed by having to use additional elevators from the main concourse. In the bleachers the Cubs have indeed clustered ADA seating to top of sections which was prohibited in *Colorado Cross-Disability Coalition v. Colorado Rockies Baseball Club, Ltd.*, 336 F. Supp. 2d 1141 (D. Col. 2004)(reviewing an earlier version of the ADA and rejecting the Colorado Rockies baseball team's argument that clustering ADA seats at the top of sections at Coors Field is permitted by the ADA). Relief could easily be granted without any new construction by simply restoring ADA seating designation to the old seating in Sections 316-318 (now known as 516-518).

For the foregoing reasons, plaintiff respectfully submits that he has been injured in fact with regard to the lack of vertical dispersion of ADA seating in the main part of the ballpark and the Bleachers. Should the Court disagree, plaintiff respectfully requests that this Court enter Final Judgment on his vertical dispersion claims pursuant to Fed. R. Civ. Pro. 54(e) so that he can pursue the appeal of these claims forthwith. There is no just reason to delay the appeal of plaintiff's vertical dispersion claims because any relief that might be granted from an appeal will not involve ongoing litigation about seating forward of the concourse in the main part of the ballpark and not involve any new construction in the

Bleachers in order for significant relief to be granted.

Respectfully submitted,


s/David A. Cerda
Attorney for the Plaintiff

Cerda Law Office
1624 West Division Street, No. 209
Chicago, Illinois 60622
(312) 467-9100
dcerda@cerdalaw.com
A.R.D.C. No. 6203954

- 8 -