UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FELIMON CERDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:17-cv-09023 |
| v. | ) | |
| | ) | Honorable Jorge L. Alonso |
| CHICAGO CUBS BASEBALL CLUB, LLC, | ) | |
| | ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S CORRECTED MOTION FOR RECONSIDERATION OF PLAINTIFF'S VERTICAL DISPERSION CLAIMS, OR IN THE ALTERNATIVE, PLAINTIFF'S REQUEST FOR FINAL JUDGMENT ON PLAINTIFF'S VERTICAL DISPERSION CLAIMS**

DATED: October 11, 2019

Noah A. Finkel (IL 6224910)
Kevin A. Fritz (IL 6319176)
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
nfinkel@seyfarth.com
kfritz@seyfarth.com
(312) 460-5000

Minh N. Vu (admitted *pro hac vice*)
SEYFARTH SHAW LLP
975 F. Street, N.W.
Washington, DC 20004
mvu@seyfarth.com
(202) 463-2400

*Attorneys for Defendant*

59658805v.1

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. Legal Standard for a Motion for Reconsideration ................................................1

    B. Plaintiff Provides No Basis for Reconsideration of the Court's Ruling on Vertical Dispersion. ...............................................................................................2

        1. The Addition of New Seats Down the First and Third Baselines Argument. ..................................................................................................3

        2. The "FRONT to back" Argument. ............................................................4

        3. The 1914 Club Arguments. .......................................................................5

    C. Plaintiff's Request for an Entry of Final Judgment with Regard to Vertical Dispersion Must be Denied. ...................................................................................6

CONCLUSION ...........................................................................................................................7

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bilek v. American Home Mortg. Servicing*,
   2010 WL 3306912 (N.D. Ill. Aug. 19, 2010) ........................................................................2

*Gen. Ins. Co. of Am. v. Clark Mall Corp.*,
   644 F3d 375 (7th Cir. 2011) ................................................................................................6, 7

*Mohammad v. IndyMac Bank, F.S.B./One W. Bank, F.S.B.*,
   No. 16 C 7241, 2018 WL 1252112 (N.D. Ill. Mar. 12, 2018) ..................................................3

*Oto v. Metropolitan Life Ins. Co.*,
   224 F.3d 601 (7th Cir. 2000) ....................................................................................................1

*Rothwell Cotton Co. v. Rosenthal & Co.*,
   827 F.2d 246 (7th Cir. 1987) ............................................................................................1, 4, 5

*Thompson v. Waukesha State Bank*,
   510 F. Supp. 2d 453 (N.D. Ill. 2007).........................................................................................3

*Wiegel v. Stork Craft Mfg., Inc.*,
   891 F. Supp. 2d 941 (N.D. Ill. 2012).....................................................................................1, 5

**Statutes**

Americans with Disabilities Act ........................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 54(b) .........................................................................................................6, 7

**I.      INTRODUCTION**

Plaintiff's Corrected Motion for Reconsideration of this Court's August 30, 2019 Order (ECF 74) holding that he does not have standing to assert an Americans with Disabilities Act ("ADA") claim based on the alleged lack of vertical dispersion of accessible seating at Wrigley Field (the "Decision") (ECF 62) is yet another instance in which Plaintiff has caused the Cubs and this Court to waste resources on unnecessary and frivolous motions.[1]  Plaintiff has been given the opportunity to file *four* complaints (ECF 1, 7, 28, 35), and the Cubs have had to file two Motions to Dismiss in response to Plaintiff's continually shifting allegations and legal theories.  Now that the Court has ruled on the Cubs' most recent Motion to Dismiss, Plaintiff seeks to rehash the same issues again, even though there are no newly discovered facts and the Court made no error of law on the points he raises.  As set forth below, the Court should deny the Motion for Reconsideration and Plaintiff's alternative request for the entry of final judgment on the issue of vertical dispersion.

**II.     ARGUMENT**

   **A.     Legal Standard for a Motion for Reconsideration**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.  Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion…. Nor should a motion for reconsideration serve as the occasion to tender new legal

---

[1]      As a further example of Plaintiff's frivolous motions, on Friday, October 11, 2019 at 11:55 AM – the deadline for the Cubs to file this Response – Plaintiff filed a Notice of New and Additional Authority in support of his Motion for Reconsideration ("Notice"). (ECF 76.)  The Cubs will be filing a motion to strike this Notice on or before October 18, 2019 because (1) the Notice alerts the Court of an opinion entered on August 19, 2019 – *39 days before* Plaintiff filed his Motion for Reconsideration – and is therefore not "new," and (2) the Notice does not merely alert the Court of additional authority, but also contains several pages of legal argument not permitted in such a Notice.  As a result, the Cubs will have to expend additional fees to move to strike this highly improper Notice.

1

theories for the first time." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (internal citations and quotations omitted); *see also Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012) ("Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing."); *see also Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"); *Bilek v. American Home Mortg. Servicing*, 2010 WL 3306912, at *1 (N.D. Ill. Aug. 19, 2010) (same).

### B. Plaintiff Provides No Basis for Reconsideration of the Court's Ruling on Vertical Dispersion.

In the Decision, the Court concluded that Plaintiff had not shown that he had suffered or was likely to suffer an imminent "injury in fact" with regard to the vertical dispersion of accessible seating at Wrigley Field because "the evidence provided by the Cubs shows there is vertical dispersion of ADA seating throughout Wrigley Field." (Decision at 17-18.) Specifically, the Court found that there are "Accessible Seats at three distances from the field: (1) 22 Accessible Seats in the Field Box; (2) 48 Accessible Seats in the Terrace Reserved Sections; and (3) 19 Accessible Seats in the Upper Deck, which have yet to be renovated. Additionally, the bleacher seats have Accessible Seats roughly halfway between the field and the highest seats." (*Id.* at 17.) The Court correctly rejected Plaintiff's argument that accessible seats must be placed in the front row of every section, finding "the 2010 Standards do not say where Accessible Seats must be located and do not require the Cubs to place ADA Seats in the front row." (*Id.* at 17-18.) The Court rightfully noted the Advisory to Section 221.2.3 of the 2010 Standards which states "while individuals who use wheelchairs need not be provided with the best seats in the house, neither may they be relegated to the worst." (*Id.* at 16.) As

2

further discussed below, Plaintiff's three arguments in favor of reconsideration are a waste of this Court's time and have no merit.

### 1. The Addition of New Seats Down the First and Third Baselines Argument.

Plaintiff argues the Cubs' addition of new accessible seats down the first and third baselines "behind what are now Sections 101-105 and 130-134" for the 2019 Season constitutes "new evidence" that should change the Court's conclusion that the Cubs have complied with the vertical dispersion requirement. (Motion to Reconsider at 4-5). The Court should reject this argument because the new Field Box accessible seats down the first and third baselines are not "new evidence." The Cubs had already informed the Court, and Plaintiff, these seats would be added for the 2019 Season in both their Memorandum in Support of their Motion to Dismiss the Third Amended Complaint and the Carl Rice Declaration. (Memorandum at 7; Rice Decl. ¶ 22.) Furthermore, the addition of these accessible seats do not change the Court's vertical dispersion analysis which was predicated on the fact that there are accessible seats in the Field Box, in the Terrace Reserved, on the Upper Deck, and in the bleachers roughly halfway between the field and the highest seats. (Decision at 8.) The addition of *more* accessible seats to the Field Box (where there already were accessible seats) after the briefing on the Motion to Dismiss should not change the Court's analysis. Plaintiff's argument is nothing more than an attempt to relitigate an issue already decided by this Court, and is a waste of the Court's time. *See Mohammad v. IndyMac Bank, F.S.B./One W. Bank, F.S.B.*, No. 16 C 7241, 2018 WL 1252112, at *2 (N.D. Ill. Mar. 12, 2018) (holding "voluminous amounts of baseless motions and filings in the circuit court that repeatedly made the same unsubstantiated arguments," to be a waste of "significant judicial time and resources.")

3

### 2. The "FRONT to back" Argument.

Plaintiff claims there must be accessible seats in the first row of every section because "the ADA … *defines vertical dispersion* as FRONT to back." (Motion for Reconsideration at 4.) Plaintiff already made this legal argument in his Opposition the Cubs' Motion to Dismiss the Third Amended Complaint[2] and the Court rejected it in its Decision. *See Thompson v. Waukesha State Bank*, 510 F. Supp. 2d 453, 456 (N.D. Ill. 2007) (finding repetitive arguments to be an "inane response and motion that results in unnecessary litigation, wasting the parties' [sic] and, more importantly, this court's time and effort.") Accordingly, the argument may not be reconsidered unless the Court has committed a "manifest error of law." *Rothwell*, 827 F.2d at 251. AThe Court has committed no such error because, as discussed below, Plaintiff's argument contradicts the plain language of the 2010 Standards.

Plaintiff bases his position on the Advisory notes to Section 221.2.3.2. The entire Advisory states:

> When wheelchair spaces are dispersed vertically in an assembly facility they are placed at different locations within the seating area from front-to-back so that the distance from the screen, stage, playing field, area of sports activity, or other focal point is varied among wheelchair spaces.

Advisory 221.2.3.2 Vertical Dispersion. Plaintiff argues the phrase "from front-to-back" means there must be accessible seats in the front row. However, read in context, it is clear the phrase "from front-to-back" is intended to explain the direction of dispersion required, not that accessible seating must be placed literally *in the front* and *in the back* of the seating bowl. Indeed, Plaintiff's reading of the Advisory contradicts the actual vertical dispersion rule:

> Wheelchair spaces shall be dispersed vertically at varying distances from the screen, performance area, or playing field. In addition, wheelchair spaces shall be located in each balcony or mezzanine that is located on an accessible route.

---

[2] Plaintiff's Opposition to Defendant's Motion to Dismiss the Third Amended Complaint at 14. (ECF 54.)

4

221.2.3.2 Vertical Dispersion. Nowhere in Section 221.2.3.2 is there a requirement to place seats in the front of every section, and the Advisory notes that accompany it cannot be read to impose more stringent requirements. If the drafters wanted to require seats in the front row they certainly could have said so easily and directly. The US Department of Justice ("DOJ") made this point clear in its Guidance on the 2010 ADA Standards for Accessible Design. The DOJ stated:

> The Department is also clarifying that the advisory notes … that accompany the 1991 and 2010 Standards *do not establish separately enforceable requirements* unless otherwise specified in the text of the standards. This clarification has been made to address concerns expressed by ANPRM commenters who mistakenly believed that the advisory notes in the 2004 ADAAG established requirements beyond those established in the text of the guidelines.

*Guidance on the 2010 ADA Standards for Accessible Design* at 48 (emphasis added).[3] In short, the Court committed no manifest error of law when it concluded there is no requirement to place accessible seats in the front of any section and further concluded that the Cubs complied with the ADA's vertical dispersion requirement.

### 3. The 1914 Club Arguments.

Plaintiff makes two arguments as to why he has standing to sue about what he alleges is a lack of accessible seats in the 1914 Club, even though he is not a member of the Club, has never sought to sit in the Club, and is not on the wait list to be a member: (1) He might be a guest of a Club member someday; and (2) He should not have to engage in the futile gesture of paying to get on the wait list when there is no accessible seating for him. (Motion to Reconsider at 5-6.) Plaintiff's "guest argument" cannot be the basis for reconsideration because – as he readily acknowledges at page 6 of his Motion to Reconsider – he already made this argument in opposing the Cubs' Motion to Dismiss and the Court rejected it. (Motion for Reconsideration at 6.) Moreover, Plaintiff does not cite to a

---

[3] Available at https://www.ada.gov/regs2010/2010ADAStandards/Guidance_2010ADAStandards.pdf (last accessed October 11, 2019). (*See* Exhibit A, excerpt of DOJ's Guidance on the 2010 ADA Standards for Accessible Design.)

5

*single* case or *any authority* to suggest that the Court erred in its Decision to find a lack of standing. Plaintiff's other argument that he should not have to make the futile gesture of putting himself on a waitlist for the 1914 Club membership is new, but cannot be made on reconsideration because Plaintiff could have made it in opposing the Cubs' motion yet failed to do so. *See Wiegel*, 891 F. Supp. 2d at 944 ("Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing") (citing *Rothwell*). The argument is also frivolous because Plaintiff has never stated that he wants to be a member of the 1914 Club.

      **C.**      **Plaintiff's Request for an Entry of Final Judgment with Regard to Vertical Dispersion Must be Denied.**

Plaintiff asks the Court to "enter Final Judgment on his vertical dispersion claims pursuant to Fed. R. Civ. Pro 54(e) so that he can pursue the appeal of these claims forthwith." (Motion to Reconsider at 7.) The Cubs assume Plaintiff is referring to Rule 54(b) since there is no subsection "(e)" in Rule 54. Rule 54(b) states:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. *When an action presents more than one claim for relief*—whether as a claim, counterclaim, crossclaim, or third-party claim— or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. Pro. 54(b) (emphasis added). Plaintiff's request for a final judgment under Fed. R. Civ. Pro. 54(b) must be rejected for at least two reasons. First, because the Court dismissed Plaintiff's Rehabilitation Act claim, this lawsuit presents only one claim: An alleged violation of Title III of the ADA. Rule 54(b) – by its explicit terms – only applies when there is "more than one claim for relief." (*Id.*) There is not more than one claim for relief in this case.[4] Second, the alleged lack of vertical dispersion of accessible seating is only *one* part of Plaintiff's claim under

---

[4]    Only one claim remains because the Court has dismissed the claim based on Section 504 of the Rehabilitation Act. (ECF 62 at 20.)

6

Title III of the ADA, and the other *two* parts of his claim (*i.e.* the number of accessible seats and horizontal dispersion) are still pending. Thus, there is no basis for a final judgment on the only claim in this lawsuit which is still being litigated. Separate actions at this stage would only prolong this litigation further and require the resources of both this Court and the Seventh Circuit. The Seventh Circuit's decision in *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F3d 375, 379-80 (7th Cir. 2011) is instructive here. *Clark Mall* involved multiple claims which clearly placed it within the purview of Rule 54(b), unlike Plaintiff's case. The district court had issued a final judgment resolving the insurer's duty-to-defend claim under Rule 54(b), but separate counterclaims against the insurer remained. Even though the duty-to-defend claim was clearly a separate claim, the Seventh Circuit still concluded the district court's order and final judgment was not a "final and appealable" judgment under Rule 54(b) because there was some factual overlap between the duty-to-defend issues and the counterclaims remaining before the district court. *Gen. Ins. Co. of Am.*, 644 F.3d at 380. In the instant case, the alleged lack of vertical dispersion is only one of three parts of the ADA Title III claim pending before the Court; each part concerning accessible seating. It is not a standalone claim for which a final judgment can be entered, Accordingly, the Court should deny Plaintiff's request for a final judgment.

## CONCLUSION

The foregoing discussion demonstrates that Plaintiff filed this Motion without a factual or legal basis, with utter disregard for the time and resources the Court and the Cubs would expend to respond to it. The Court should deny Plaintiff's Motion.

7

DATED: October 11, 2019  Respectfully submitted,

CHICAGO CUBS BASEBALL CLUB, LLC

By: s/ Minh N. Vu
    One of Its Attorneys

SEYFARTH SHAW LLP

Noah A. Finkel (IL 6224910)
Kevin A. Fritz (IL 6319176)
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
nfinkel@seyfarth.com
kfritz@seyfarth.com
(312) 460-5000

Minh N. Vu (admitted *pro hac vice*)
975 F. Street, N.W.
Washington, DC 20004
mvu@seyfarth.com
(202) 463-2400

8

## **CERTIFICATE OF SERVICE**

The undersigned licensed attorney hereby certifies that on October 11, 2019, he caused the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S CORRECTED MOTION FOR RECONSIDERATION OF PLAINTIFF'S VERTICAL DISPERSION CLAIMS, OR IN THE ALTERNATIVE, PLAINTIFF'S REQUEST FOR FINAL JUDGMENT ON PLAINTIFF'S VERTICAL DISPERSION CLAIMS** to be filed with the Clerk of the Court via the Court's electronic case filing/ecf system, which will serve a true and correct copy of the same upon the following counsel of record via electronic mail/notice of filing:

>David Alberto Cerda, Esq.
>Cerda Law Office
>1624 West Division Street, No. 209
>Chicago, IL 60622
>(312) 467-9100
>Email: dcerda@cerdalaw.com

>s/ Kevin A. Fritz